EAG:SEF
F.#2008R01454

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# M10-1505

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MUHAMMAD ALI,

                    Defendant.

- - - - - - - - - - - - - - - X

**SUBMITTED UNDER SEAL**

AFFIDAVIT IN SUPPORT
OF AN ARREST WARRANT

(18 U.S.C. §§ 1343,
 2 and 3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

OLIVER GRANT, being duly sworn, deposes and states that

he is a Special Agent with the United States Secret Service, duly

appointed according to law and acting as such.

On or about and between December 4, 2010 and December

6, 2010, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant

MUHAMMAD ALI, together with others, did knowingly and

intentionally devise a scheme and artifice to defraud and to

obtain money and property by means of materially false and

fraudulent pretenses, representations and promises, and for the

purpose of executing such scheme and artifice, did transmit and

cause to be transmitted, by means of wire communications in

1

interstate commerce, writings, signs, signals, pictures and sounds.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

The source of my information and the grounds for my belief are the following:

## BACKGROUND

1.    I have been a Special Agent with the United States Secret Service since 1999.  As such, I have been involved in numerous investigations and prosecutions of electronic crimes and access device fraud.  In the course of those and other investigations, I have conducted physical surveillance, executed search warrants, debriefed cooperating defendants and confidential informants, reviewed computer records and secured other relevant information using other investigative techniques.

2.    I am familiar with the facts and circumstances of this matter from: (a) my personal participation in this investigation and (b) records made available by T-Mobile.

3.    Except as explicitly set forth below, I have not distinguished herein between facts of which I have personal knowledge and facts as to which I have hearsay knowledge.

4.    Because this affidavit is being submitted for the limited purpose of seeking authorization to arrest the defendant MUHAMMAD ALI, I have not set forth each and every fact determined

2

during the course of this investigation, but simply those facts
which I believe are necessary to establish probable cause for the
requested arrest warrant.

**PROBABLE CAUSE**

5.   The defendant MUHAMMAD ALI is the owner of Best
Brooklyn Wireless, an independent retailer of cellular telephones
and related products and services, located at 1450 Myrtle Avenue,
Brooklyn, NY 11237.  Until December 20, 2010, Best Brooklyn
Wireless was an authorized dealer of T-Mobile products and
services.  The defendant's name also appears on the lease
agreement for Avenue U Wireless, an independent retailer of
cellular telephones and related products and services, located at
2323 Avenue U, Brooklyn, NY 11229.  Until December 20, 2010,
Avenue U Wireless was an authorized dealer of T-Mobile products
and services.

6.   On December 3, 2010, the defendant, together with
others, was arrested by special agents of the United States
Secret Service on a complaint charging him with conspiring to
commit wire fraud in connection with a multi-year scheme to
defraud T-Mobile by obtaining fraudulent access to T-Mobile
cellular accounts and using them to place a high volume of calls
to telephone numbers located outside the United States.  (10-M-
1413).  The defendant was arraigned before the Honorable Robert

3

M. Levy, United States Magistrate Judge, and released the same day on a $250,000 bond secured by a residential property owned by his brother.

7. "Flexpay" is a term used by T-Mobile to refer to prepaid accounts for T-Mobile cellular service (as distinguished from accounts for which the customer is billed after the airtime is used). Customers may purchase Flexpay service directly from T-Mobile through the T-Mobile website, or from T-Mobile owned retail stores, or from independent retailers of T-Mobile products and services.

8. Independent T-Mobile retailers are assigned unique "dealer" codes that allow T-Mobile to track the T-Mobile products and services they sell. For accounts that are opened by consumers directly over the T-Mobile website, T-Mobile uses a confidential dealer code that is strictly for internal use (the "Confidential Web Code"). The Confidential Web Code is not for use by independent dealers of T-Mobile products and services such as the defendant.

9. T-Mobile uses a separate code to authenticate sales at its company-owned stores (the "Confidential Word of the Day") as well as unique dealer codes to track sales by each T-Mobile employee at those stores. The Confidential Word of the Day changes daily and is available only to T-Mobile employees.

The Confidential Word of the Day is not for use by independent dealers of T-Mobile products and services such as the defendant.

10. On or about and between December 4, 2010 and December 5, 2010, T-Mobile's customer care center located in Guatemala City, Guatemala received at least five telephone calls from an individual who identified himself as an independent T-Mobile retailer. The calls were consensually recorded by T-Mobile as part of its ordinary business practices. The caller provided the Confidential Web Code, and requested to open Flexpay accounts in the names of several purported customers. The use of the Confidential Web Code permitted the caller to open Flexpay prepaid accounts without making any payment to T-Mobile. Although the caller identified himself by different names in each of the calls, the caller's voice in each call resembles that of the defendant, who spoke to the undersigned agent at the time of his arrest on December 3, 2010.

a. For example, at or about 5:04 p.m. on December 4, 2010, the caller whose voice resembles that of the defendant ALI called T-Mobile's customer care center and provided the Confidential Web Code. The caller sought to activate a "Flexpay" prepaid cellular account with 500 minutes of cellular service for for a customer named "Michael Rodriguez," at an address on Ocean Avenue in Brooklyn, New York. I am informed by T-Mobile that the call was placed from a cellular phone in the

5

vicinity of a cellular phone tower located in close proximity to Best Brooklyn Wireless.

b.    At or about 8:07 p.m. on the same day, the caller whose voice resembles that of the defendant ALI called T-Mobile's customer care center and identified himself as "James B." The caller provided the Confidential Web Code and sought to activate two lines of service on a "Flexpay" prepaid cellular account for another customer named "Michael Rodriguez," at the same Ocean Avenue address as that referenced in Paragraph 10(a) above. I am informed by T-Mobile that the call was placed from a cellular phone in the vicinity of a cellular phone tower located in close proximity to Best Brooklyn Wireless.

c.    At or about 1:59 p.m. on December 5, 2010, the caller whose voice resembles that of the defendant ALI called T-Mobile's customer care center and identified himself as "James B." The caller provided the Confidential Web Code and sought to activate a "Flexpay" prepaid cellular account for another customer named "Michael Rodriguez," at the same Ocean Avenue address as that referenced in Paragraphs 10(a) and 10(b) above. I am informed by T-Mobile that the call was placed from a cellular phone in the vicinity of a cellular phone tower located in close proximity to Avenue U Wireless.

11.    On or about December 6, 2010, T-Mobile customer care centers located in Albuquerque, New Mexico and Meridian,

6

Idaho received at least three telephone calls from an individual who identified himself as John Doe #1, the manager of a company-owned T-Mobile store located on Nostrand Avenue in Brooklyn.  The caller provided John Doe #1's unique T-Mobile dealer code.  The calls were consensually recorded by T-Mobile as part of its ordinary business practices.  The caller, whose voice resembles that of the defendant ALI, provided the store number that T-Mobile uses to identify its Nostrand Avenue store, along with the Confidential Word of the Day for December 6, 2010, and requested to obtain courtesy credits on the accounts of three T-Mobile customers.  In each of the calls, the caller claimed that the customer had inadvertently left in the store a form entitling the customer to a rebate, but had not filled out the form, and requested that the customer be given a courtesy credit in lieu of the rebate.

12.   On or about December 21, 2010, the undersigned agent spoke to John Doe #1.  John Doe #1 advised that he did not place the calls described in Paragraph 11 above.  In addition, the voice of the caller identified in Paragraph 11 does not resemble that of John Doe #1.

WHEREFORE, I respectfully request that the Court issue an arrest warrant for the defendant MUHAMMAD ALI, so that he may

be dealt with according to law, and that this Affidavit and the arrest warrant be filed under seal to prevent the flight of the defendant.

OLIVER GRANT
Special Agent
United States Secret Service

Sworn to before me this
21st day of December, 2010

UNITED ST   s/Orenstein   E
EASTERN D

8